UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS P. HARRIS, JOHN A. HAMM, EDUARDO DOMINQUES, JR., DANIEL M. KEELER, KEVIN BUCKLEY and WILLIAM D. MAHONEY, Individually and As Representatives of Other Similarly Situated Employees, Plaintiffs, v. CITY OF BOSTON, Defendant | CIVIL ACTION 02 CV 1212 MLW |

COMPLAINT

## I. NATURE OF THE ACTION

1.   This is an action for declaratory relief and damages for violations of the Fair Labor Standards Act, 29 U.S.C. Sections 201, et seq.

## II. JURISDICTION AND VENUE

2.   This Court has jurisdiction pursuant to 29 U.S.C. Section 216(b), and pursuant to 28 U.S.C. Sections 1331 and 1337. Declaratory relief is authorized pursuant to 28 U.S.C. Sections 2201 and 2202. This Court is the proper venue pursuant to 28 U.S.C. Section 1391(b).

## III. PARTIES

3. Plaintiffs Dennis P. Harris, John A. Hamm and Eduardo Dominques, Jr., are patrol officers with detective ratings and employees of Defendant City of Boston ("City") in the Defendant Boston Police Department ("BPD").

4. Plaintiffs Daniel M. Keeler, Kevin Buckley and William D. Mahoney are sergeants with detective ratings and employees of the Defendant City in Defendant BPD.

5. Plaintiffs Harris, Hamm, Dominques, Keeler, Buckley and Mahoney are representative of a class of police employees employed by Defendant City in Defendant BPD with the rating of detective. This class is so numerous that joinder of all members of it is impractical. Questions of fact and law are common to the class and the claims of the named representatives are typical of the claims of the class. The named representatives will fairly and adequately protect the interests of the class.

6. Each named Plaintiff representative and each member of the class is an employee within 29 U.S.C. Section 203(e)(2)(B).

7. The named Plaintiff representatives are members of the Boston Police Detectives Benevolent Society ("BPDBS"). BPDBS is the exclusive collective bargaining representative for patrol officers and other ranks with Detective ratings employed by the City in the BPD ("Detectives" or "Unit member").

8. Defendant City is a municipality and a political subdivision of the Commonwealth of Massachusetts and an employer within 29 U.S.C. Section 203(d).

## GRAVAMEN

9. Defendant City and BPDBS are parties to collective bargaining agreements ("Agreements") which establish wages, hours and working conditions for Boston Police Department ("BPD") patrol officers and other ranks with Detective ratings.

10. Detectives generally work a "four and two" schedule on a recurring cycle of four consecutive tours and two consecutive "days" off duty pursuant to the Agreements. For example, Unit member A works Monday through Thursday with Friday and Saturday off in week one; Unit member A works Sunday through Wednesday with Thursdays and Fridays off in week two. The cycle repeats every six weeks, or 42 days.

11. Some Unit members work "five and two" schedules.

12. All Unit members are paid weekly.

13. Unit members working on the day shift generally work 8.5 hours each shift. In four weeks of a "four and two" schedule, a Unit Detective works five shifts or 42.5 hours. Unit members on the night shift generally work 7.5 hours each shift.

14. The Agreements provide that Unit Detectives working on the day shift receive a stipend, also identified as a shift differential, equal to 6.25% of base pay. The Agreements also provide that Unit detectives working on the night shift receive a night differential of 9% of base pay.

15. The Agreements also establish educational incentive base salary add-ons for Unit Detectives with baccalaureate, associate, master or law degrees, or credits toward such degrees pursuant to G.L. c. 41, Section 108L.

16. Unit Detectives regularly work overtime.

17. The Agreements require that Detectives be compensated at one and one half times their contractual base rates for hours worked outside their regularly scheduled shifts.

18. Defendants do not include shift differentials or statutory base salary add-ons in the Detectives' base rates of pay when computing overtime pay.

19. Defendants are subject to the overtime payment requirements of 29 U.S.C. Section 207(e) and (k) and of 29 CFR Sections 553.220 and 553.230, but do not compensate Unit Detectives for overtime hours worked in accordance with, and pursuant to these statutory and regulatory requirements.

20. Upon information and belief, Defendants have been notified repeatedly of their past and ongoing failures to comply with the requirements of the Fair Labor Standards Act and regulations promulgated

thereunder, specifically Defendants' past and ongoing failures to include shift differentials and statutory base salary add-ons in Unit Detectives' base rates of pay when computing their overtime pay in violation of 29 U.S.C. Section 207 (e) and Defendants' failure to compensate Unit Detectives for overtime hours worked pursuant to 29 U.S.C. Section 207(k), and in accordance with 29 CFR Sections 553.220 and 553.230. Defendants' ongoing violations are willful within 29 U.S.C. Section 255(a).

## CAUSES OF ACTION

### COUNT I

#### Failure to Pay Overtime

21. Plaintiff representatives re-allege and incorporate by reference paragraphs 1 through of their Complaint.

22. Defendants have failed to pay and continue to pay Unit Detectives overtime for hours worked in violation of 29 U.S.C. Section 207(k), and 29 CFR Sections 553.220 and 553.230.

### COUNT II

#### Under-Payment of Overtime

23. Plaintiff representatives re-allege and incorporate by reference paragraphs 1 through 26 of their Complaint.

24. Defendants have willfully miscalculated the regular rate of Unit Detectives by refusing to include shift differentials and statutory base salary add-ons when calculating overtime pay.

25. Defendants' willful omissions of shift differentials and statutory base salary add-ons when calculating overtime pay has resulted in deliberate failures to pay Unit Detectives proper overtime compensation in violation of 29 U.S.C. Sections 207(e) and (k), and in violation of 29 CFR Sections 553.220 and 553.330.

## JURY DEMAND

26. Plaintiff representatives demand a jury trial.

## REQUESTS FOR RELIEF

27. Plaintiff representatives request this relief:

(A) Entry of an order pursuant to FR Civ. P. 23(c)(1), that this action may be maintained as a class action on behalf of patrol officers and other ranks with a Detective Rating employed by Defendant City in its BPD ("the Class"), pursuant to FR Civ. P. 23(b)(3);

(B) Entry of an order pursuant to FR Civ. P. 23(c)(2) directing the Defendants to notify all class members (including eligible retired patrol officers and other ranks with a Detective rating), of the opportunity to become a party by filing a consent with the Court;

(C)  Entry of a Declaratory Judgment declaring that Defendants must compensate members of the class pursuant to 29 U.S.C. Sections 207(e) and (k), and pursuant to 29 CFR Sections 553.320 and 553.230 for statutory overtime hours, declaring that Defendants must include shift differentials and statutory base salary add-ons in the base rates of members of the class, when calculating statutory overtime. Such declaratory judgment should further declare that Defendants that have willfully violated the Fair Labor Standards Act by failing to properly compensate members of the class and by failing to include shift differentials and statutory base salary add-ons in the base rates of class members when calculating statutory overtime.

(D)  Entry of judgment against Defendants in the amount of unpaid overtime compensation to each member of the class who consents to be a party to this action and an equal amount as liquidated damages, plus interest.

(E)  Entry of judgment permanently enjoining the Defendants against further violations of the Fair Labor Standards Act determined in this action.

(F)  Entry of judgment ordering the Defendants to pay Plaintiff representatives their reasonable attorney's fees and costs; and

(G)  Such other and further relief as this Court deems appropriate

and necessary.

DENNIS P. HARRIS, JOHN A HAMM,
EDUARDO DOMINQUES, JR.,
DANIEL M. KEELER, KEVIN J. BUCKLEY,
and WILLIAM D. MAHONEY,
By their Attorneys,

*[signature]*
Paul T. Hynes, Esq.
BBO No. 545952

*[signature]*
John F. McMahon, Esq.
BBO No. 338360
Angoff, Goldman, Manning,
   Wanger & Hynes, P.C.
24 School Street
Boston, MA   02108
(617) 723-5500

Dated: 1/22/2002